**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4017**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROSCOE ABELL, a/k/a Scoe, a/k/a Big Bra,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00061-FDW-1)

———————

Submitted:  September 23, 2010      Decided:  November 10, 2010

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Affirmed and remanded by unpublished per curiam opinion.

———————

James S. Weidner, Jr., LAW OFFICES OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roscoe Abell pled guilty to one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, 500 grams or more of cocaine, marijuana, and Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and two counts of distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), 18 U.S.C. § 2 (2006). The district court imposed an enhanced statutory mandatory minimum sentence of 240 months' imprisonment based on a prior felony drug conviction. The district court also imposed a supervised release term of fifty years.

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), noting no meritorious issues for appeal, but questioning the constitutionality of 21 U.S.C. § 851, whether the sentence was properly enhanced based on a prior felony drug conviction, and the reasonableness of the sentence imposed. In a pro se supplemental brief, Abell likewise contests the reasonableness of his imprisonment term, as well as the fifty-year supervised release term. Abell also argues for retroactive application of legislation addressing sentencing disparities for cocaine powder and cocaine base. Finding no reversible error, we affirm. We remand, however, for correction of a clerical error in the judgment.

We have reviewed the record and conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 and ensured that Abell's plea was knowing and voluntary. We also conclude that the 240-month sentence and fifty-year supervised release term imposed by the district court were procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (review of sentence is for abuse of discretion).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We have considered the claims asserted in counsel's brief and Abell's pro se supplemental brief and conclude they are without merit. We therefore affirm Abell's conviction and sentence. Although we affirm Abell's conviction and sentence, we remand so that the written judgment can be corrected to reflect the distribution of cocaine base offenses in Counts Sixteen and Seventeen to which Abell pled guilty and was sentenced.[*] We grant Abell's motion to amend his notice of

---

[*] The written judgment incorrectly recites that Abell was found guilty in Counts Sixteen and Seventeen of possession with intent to distribute cocaine base. Because both possession with intent to distribute cocaine base and distribution of cocaine base are offenses under 21 U.S.C. § 841(a)(1), and carry the same penalties, 21 U.S.C. § 841(b)(1), the clerical error in the judgment did not affect Abell's sentence or otherwise prejudice him.

direct appeal, but deny his "Motion to Receive Jenks and Brady Materials," and "Motion to Compel Discovery from Attorney."

This court requires that counsel inform Abell, in writing, of his right to petition the Supreme Court of the United States for further review. If Abell requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4